64 F.3d 678
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HOLOGIC, INC., Plaintiff-Appellant,
v.
LUNAR CORPORATION, Defendant-Appellee.
 No. 95-1165.
 United States Court of Appeals, Federal Circuit.
 Aug. 23, 1995.
 
 Before NEWMAN, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Hologic, Inc., appeals from the October 26, 1994, final order of the United States District Court for the District of Massachusetts dismissing all of its pending claims for relief. The court dismissed the Massachusetts case on the ground that it was duplicative of a previously filed suit brought by Lunar Corp. in the Western District of Wisconsin. We vacate and remand.
 
 BACKGROUND
 
 2
 Hologic, located in Massachusetts, and Lunar, located in Wisconsin, both design, manufacture, and sell bone densitometry products that aid physicians in diagnosing bone disorders. Each company owns patents directed to bone densitometry technology, and each contends that the other infringes its patents.
 
 
 3
 On September 7, 1994, Lunar filed suit against Hologic in the United States District Court for the Western District of Wisconsin, alleging that Hologic had infringed its patents and seeking a declaratory judgment that certain of Hologic's patents were invalid and unenforceable. Lunar also charged Hologic with attempted monopolization, in violation of the Sherman Act, 15 U.S.C. Sec. 2.
 
 
 4
 A week later, Hologic filed suit against Lunar in the United States District Court for the District of Massachusetts. In counts 1, 2, and 3 of the Massachusetts suit, Hologic alleged that Lunar had infringed and induced infringement of two of Hologic's patents, and requested a declaratory judgment that Hologic had not infringed Lunar's patents. In addition, Hologic alleged in the Massachusetts complaint that Lunar had made false representations with respect to Hologic's goods and services, in violation of section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a) (count 4), and that Lunar had violated Hologic's rights under Massachusetts state law (counts 5-9).
 
 
 5
 On October 11, 1994, Lunar moved to dismiss, stay, or transfer the Massachusetts case, arguing that the Massachusetts case was duplicative of its September 7, 1994, Wisconsin complaint. The Massachusetts district court granted Lunar's motion, dismissing Hologic's complaint in its entirety. In its order of dismissal, the court stated only that Hologic's claims were duplicative of those in the Wisconsin case. Hologic subsequently advised the Massachusetts district court that it would assert its patent claims as counterclaims in the Wisconsin case, but it requested that the Massachusetts court vacate the dismissal order as to the non-patent claims set forth in counts 4 through 9. The district court denied Hologic's motion for reconsideration, and this appeal followed.
 
 DISCUSSION
 
 6
 The district court was clearly correct in concluding that counts 1 through 3 of the Massachusetts complaint were duplicative of the parallel claims in Lunar's Wisconsin complaint, and Hologic does not challenge the court's dismissal of those counts. With respect to the dismissal of counts 4 through 9, which Hologic does challenge, the district court provided no reasoning to support its conclusion that those counts should also be dismissed as duplicative of the Wisconsin case.
 
 
 7
 The Massachusetts complaint alleges that the district court has jurisdiction over the claims in counts 4 through 9. Count 4 alleges a Lanham Act violation, and the court is alleged to have supplemental jurisdiction over the state claims set forth in counts 5 through 9. Although it was proper for the court to dismiss the first three counts of the Massachusetts complaint as duplicative of the Wisconsin action, see Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93 (9th Cir.1982), the dismissal of those counts does not ipso facto justify the dismissal of the rest of the complaint as well. Absent a determination that the court did not have jurisdiction over counts 4 through 9, or a determination that those counts should be dismissed for failure to state a claim or because of some other defect, the district court should not have dismissed the Lanham Act and state law counts.
 
 
 8
 A district court enjoys substantial discretion to manage its docket in an efficient manner that will minimize overlapping litigation among different federal courts. Where appropriate, a court may avoid duplication of effort by transferring an action, staying an action pending the disposition of related proceedings in another court, or disposing of particular claims summarily. Dismissal of an action because of a prior pending action has been permitted, however, only where "an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1360, at 442 (1990). In this case, the issues in the Wisconsin case are not identical to the issues in counts 4 through 9 of the Massachusetts case, and it is not clear that the controlling issues in the Massachusetts action will be determined in the Wisconsin lawsuit.
 
 
 9
 It was reasonable for the district court in this case to conclude that the Massachusetts and Wisconsin cases were sufficiently related that it would be wasteful to have two independent proceedings going forward simultaneously in two separate federal courts. The court erred, however, in simply characterizing the two cases as "duplicative" and dismissing the entire Massachusetts complaint on that ground.
 
 
 10
 Costs to appellant.